## STEVENS v. CUNARD S. S. CO., Limited.

(District Court, S. D. New York. May 3, 1920.)

**Shipping ⊂⟩140—Provisions of bill of lading fixing liability for short delivery construed together.**

> Provisions in a bill of lading, limiting liability of the vessel to £20 for each package, unless a higher value is declared and extra freight paid, and that in case of claim for short delivery the price shall be the market value at port of destination, are to be construed together; the former as fixing the maximum of liability, and the latter applying where the claim is for less than the maximum amount.

In Admiralty. Suit by William Stevens against the Cunard Steamship Company, Limited. Decree for libelant.

Theodore L. Bailey, of New York City, for libelant.
Allan B. A. Bradley, of New York City, for respondent.

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge. The motion is by the libelant for a decree upon the pleadings. The libel sets forth a cause of action for short delivery of one bale of woolens from a shipment of several bales of woolens which respondent received under its bill of lading for transportation from Liverpool to New York. The answer admits every allegation constituting the cause of action, and the sole issue is one of law as to the measure of recovery; i. e., whether the libelant is restricted to £20, or is entitled to recover the market value at port of destination, the market value being in excess of £20.

The relevant clauses in the bill of lading are:

"It is also mutually agreed that the value of each package shipped hereunder does not exceed £20 (or its equivalent in American currency), or relatively for any proportion thereof, on which basis the freight is adjusted, and the company's liability shall in no case exceed that sum unless a value in excess thereof is specially declared on a shipping note accompanying the goods and stated therein and extra freight as may be agreed upon paid. ❊ ❊ ❊

"In the event of claims for short delivery when the ship reaches her destination, the price shall be the market price at the port of destination on the day of the ship's entry at the custom house, less all charges saved."

It is contended by libelant that the second clause must be read independent of the first clause. The contrary contention is that £20 is the steamship company's maximum liability, but within that maximum, in case of short delivery, the claim shall be the market price, etc.

The essential feature of the contract is that, if the shipper desires to hold the company for more than £20, he shall specially declare a value in excess of £20, and shall pay whatever extra freight may be agreed upon. In other words, the shipper, if he desires to hold the company for value in excess of the limited liability amount, shall pay accordingly. Clearly the short delivery clause cannot be held to enlarge liability. It is a matter of common knowledge that short deliveries often occur where the freight concerned is of a value less than £20, and the point of the clause is that, in such instances, the measure of damage shall be market value—a reasonable agreement. I can see no other construction, if the elementary rule be applied that a clause in a contract must be construed in the light of the context, and so as to make sense and be harmonious with the context. The Koan Maru (D. C.) 251 Fed. 384, 387; Kroll v. Oriental Navigation Corporation (Sup.) 178 N. Y. Supp. 250.

Libelant is therefore entitled to a decree only for the equivalent of £20 in American currency.